IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICHARD PORTER | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv269 |
| JOHN B. FOX | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Richard Porter, an inmate confined at the United States Penitentiary at Beaumont, Texas, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends the petition for writ of habeas corpus be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the records, pleadings and all available evidence. Petitioner filed objections to the Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. After careful consideration, the Court is of the opinion petitioner's objections are without merit.

Petitioner is challenging two convictions for violating 18 U.S.C. § 924(c). One conviction was based on using a firearm to shoot a person in connection with a conspiracy to distribute heroin. The other conviction was based on using a firearm to shoot a person in connection with the distribution of crack cocaine. In order to be entitled to relief in this proceeding, petitioner must establish that he is asserting a claim which is based on a retroactively applicable decision of the Supreme Court that establishes he was convicted of a nonexistent offense. He must also show that

the claim was foreclosed by established circuit law at the time it could have been raised during trial, on direct appeal, or in connection with an initial motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Initially, petitioner relies on the Supreme Court's decision in *United States v. Ressam*, 553 U.S. 272 (2008). However, the Magistrate Judge correctly concluded that *Ressam* is not relevant to petitioner's conviction.

With respect to the conviction regarding the conspiracy to distribute heroin, petitioner also relies on the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014). However, *Rosemond* does not demonstrate petitioner was convicted of a nonexistent offense. In its opinion concerning petitioner's direct appeal, the United States Court of Appeal for the Fifth Circuit stated there was evidence that petitioner ordered a co-defendant to kill Leonard Morgan because Morgan was invading petitioner's heroin-trafficking territory. *United States v. Davis*, 124 F. App'x 838, 843 (5th Cir. 2005). As a result, petitioner fails to demonstrate *Rosemond* establishes he was convicted of a nonexistent offense.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the recommendation of the Magistrate Judge.

So **ORDERED** and **SIGNED** this **1** day of **June, 2016.**

_____
Ron Clark, United States District Judge